IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02804-RM-KLM

ALEX FEFER and LARISSA ISUPOV,

    Plaintiffs,

v.

SWIFT TRANSPORTATION, INC., an Arizona Corporation, ACE AMERICAN INSURANCE COMPANY, and GALLAGHER BASSETT SERVICES, INC.,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Leave to File an Amended Complaint** [#46][1] (the "Motion"). Defendant Ace American Insurance Company and Defendant Gallagher Bassett Services, Inc. did not file a Response. Defendant Swift Transportation, Inc. ("Swift") filed a Response [#58] in opposition to the Motion [#46], and Plaintiffs filed a Reply [#69]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises.[2] For the reasons set forth below, the Motion [#46] is **GRANTED**.

**I. Background**

---

[1] "[#46]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Motion [#46] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72. *See* [#47].

In short, Plaintiffs bring this action against Defendant Swift for alleged unreasonable delay and denial of Plaintiff Alex Fefer's ("Fefer") claim for workers' compensation benefits. *Motion* [#46] at 2. On May 18, 2017, Plaintiff Fefer "was injured while in the course and scope of his employment for [Defendant] Swift [ ] when a truck in front of him spun out on ice, slid across multiple lanes, and slammed into the driver's side of the vehicle driven by [Plaintiff] Fefer." *Id.* Plaintiffs also sued Defendants Ace American Insurance Company and Gallagher Bassett Services, Inc., who allegedly contributed to the delay and denial of Plaintiff Fefer's workers' compensation claim. *See id.* at 3-4.

Plaintiffs filed an Amended Complaint [#5] on October 1, 2019, asserting the following four claims for relief against all Defendants: (1) breach of the duty of good faith and fair dealing; (2) aiding and abetting; (3) civil conspiracy; and (4) loss of consortium. *Am. Compl.* [#5] ¶¶ 49-75. On October 11, 2019, Defendant Swift filed its Motion to Dismiss Plaintiffs' Complaint [#25], seeking to dismiss Plaintiff Fefer's aiding and abetting and civil conspiracy claims.[3] On November 22, 2019, Plaintiffs filed a Response [#45] to Defendant Swift's Motion to Dismiss [#25]. That same day, Plaintiffs also filed the present Motion [#46], seeking leave to amend their Amended Complaint [#5] "to more clearly articulate the legal and factual bases for their claims against the Defendants." *Motion* [#46] at 4; *see Proposed Second Am. Compl.* [#46-1]. Plaintiffs' proposed Second Amended Complaint [#46-1] does not seek to add new parties or claims.

In short, Plaintiffs argue that the Court should permit the amendments to clarify their claims because Plaintiffs are "seeking this amendment early in the case, and in response to technical objections by Defendant [Swift] as to asserted pleading deficiencies

---

[3] Defendant Swift's Motion to Dismiss [#25] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72. *See* [#26].

in the Complaint." *Motion* [#46] at 20. Additionally, Plaintiffs assert that "no party would be prejudiced by the requested amendment," and that their claims are "far from futile." *Id.*

In its Response [#58], Defendant Swift argues that the amendments should not be granted under Fed. R. Civ. P. 15, because they would subject Defendant Swift to undue prejudice. *See generally Response* [#58]. Specifically, Defendant Swift asserts that Plaintiffs have sued the wrong Swift entity, and while Defendant Swift is not opposed to allowing Plaintiffs to name the correct Swift entity, it is opposed to allowing Plaintiffs' claims to relate back to the correct Swift entity because "relation back would be unfairly prejudicial." *Response* [#58] at 1-2. Furthermore, Defendant Swift argues that Plaintiffs' claims for aiding and abetting and civil conspiracy are "not recognized under Colorado law, or are otherwise inapplicable here," and that allowing Plaintiffs to maintain these claims "will only result in undue prejudice to [Defendant] Swift." *Id.* at 12-13.

In their Reply [#69], Plaintiffs maintain that their proposed amendments will not be prejudicial to Defendant, and argue that Defendant Swift's assertions of prejudice are legally and factually unsupported. *Reply* [#69] at 4. In addition, Plaintiffs argue that their proposed Second Amended Complaint [#46-1] "cures Defendant [Swift's] asserted pleading deficiencies" by "restating their prior claims with greater particularity and amplifying the details of their previously asserted claims." *Id.* at 3-4.

## II. Analysis

As an initial matter, the parties' deadline to amend pleadings was January 29, 2020. *Sched. Order* [#52] § 9(a). Plaintiffs' Motion [#46] was filed on November 22, 2019, and is therefore timely. Thus, because the Court finds that Plaintiffs' Motion [#46] is timely, it turns directly to Rule 15(a)(2). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank*

*Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (stating that the Court need only address Fed. R. Civ. P. 16(b)(4) when the amendment request is untimely).

The Court has discretion to grant a party leave to amend her pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend its complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Courts typically find prejudice only when the proposed amendments unfairly affect the defendants in terms of preparing their defense to the amendment. *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208 (citations omitted).

Pursuant to Rule 15(a)(2), the Court considers any arguments raised by Defendant Swift related to whether justice would be served by amendment. Here, Defendant Swift argues that the Motion [#46] should be "denied on the grounds that such substantial amendment at this late stage is unduly prejudicial." *Response* [#58] at 7. Specifically, Defendant Swift first argues that Plaintiffs' amendments "will result in undue prejudice to [Defendant] Swift" because "the applicable two-year statute of limitations has expired."

*Id.* at 10.  Second, although it concedes that the "Rule 15(c)(1)(C) requirements appear to be met for relation back," Defendant Swift argues that allowing Plaintiffs to submit "substantially new allegations and 'relating them back'" to the Amended Complaint [#5] will result in "substantial prejudice."  *Id.* at 11-12.  Third, Defendant Swift argues that allowing Plaintiffs to maintain unsupported claims "will only result in undue prejudice to [Defendant] Swift."  *Id.* at 12-13.  Finally, Defendant Swift argues that Plaintiffs "are effectively asserting a new lawsuit based upon the substantial addition of new allegations," and that allowing "such excessive revisions at this late stage will result in undue prejudice."  *Id.* at 15.  Importantly, the Court notes that, in making these arguments, Defendant Swift does not cite to any *specific* way in which it will suffer undue prejudice in defending this lawsuit if the Court permits the amendment.  *See Ross v. Colo. DOT*, No. 11-cv-02603-REB-KMT, 2012 WL 7700140, at *7 (D. Colo. Aug. 22, 2012) (citation omitted) ("The party opposing the amendment . . . has the burden of showing prejudice.").

Plaintiffs argue that "all of the expanded facts stated in Plaintiffs' [proposed Second Amended] Complaint arose from the same transaction, i.e., the bad faith handling of Plaintiff [Fefer's] workers' compensation claim," and that Plaintiffs are not asserting any new claims.  *Reply* [#69] at 3-4.  Additionally, Plaintiffs argue that "Rule 15(c) 'mandates relation back once its requirements are satisfied,'" and that Defendant Swift's assertions of undue prejudice for relation back are not legally recognized as prejudicial.  *Id.* at 7-10 (quoting *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010)).  Finally, Plaintiffs argue that they have plausibly pled their claims, and that Defendant Swift has failed to meet its burden to show that dismissal is appropriate at this stage.  *Id.* at 14-15.

The Court finds that Plaintiffs' proposed amendments merely clarify the allegations that pertain to the claims against all Defendants.  After carefully reviewing both complaints, the Court finds that the additional allegations in the proposed Second Amended Complaint [#46-1] stem from the same subject matter and arise out of the same sequence of events as those in the original Amended Complaint [#5], and hence, would not unduly prejudice Defendant Swift in terms of preparing a defense to the claims asserted against it.  Defendant Swift does not argue that Plaintiffs' proposed amendments do not stem from the same subject matter as the claims in the original Complaint.  *See Response* [#58] at 11.  Moreover, Defendant Swift does not specifically explain why Plaintiffs' proposed amendments are prejudicial to its ability to defend in this action.  *See Home Design Servs. v. Stone Creek Homes, Inc.*, No. 08-cv-02662-MSK-KMT, 2009 WL 4016054, at *4 (D. Colo. Nov. 13, 2009) ("The prejudice with which [Rule 15] is concerned is the prejudice to the party's ability to prosecute or defend.").  Even if Defendant Swift had pointed to the increase in the cost of the litigation as an example of unfair prejudice, the "burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."  *See RMD, LLC v. Nitto Americas, Inc.*, No. 09-2056-JAW-DJW, 2009 WL 10689046, at *3 n.18 (D. Kan. Nov. 17, 2009) (quoting *U.S. for & on Behalf of Mar. Admin. v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989)).

As for Defendant Swift's arguments that the statute of limitations has expired[4] and that it would be unfairly prejudicial to allow relation back, the Supreme Court's decision in

---

[4] The Court notes that Defendant Swift's Response [#58] does not cite legal authority in support of its assertion that an expired statute of limitations "remains a definitive factor in the analysis of how Plaintiffs' requested relief will result in undue prejudice to [Defendant] Swift."  *Response* [#58] at 10.  For the purpose of resolving this Motion [#46], the Court construes

- 6 -

*Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010) is informative. In *Krupski*, the Court unanimously held that neither the plaintiff's knowledge nor her delay in suing the proper party precluded relation back of the amendment, because "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known . . . , not what the *plaintiff* knew or should have known at the time of filing." 560 U.S. 538, 548 (2010) (emphasis in original). "Moreover, [Rule 15(c)(1)] mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Id.* at 553 (citing Rule 15(c)(1) ("An amendment . . . *relates back* . . . when" the three listed requirements are met (emphasis added))).

Here, Defendant Swift argues that Plaintiffs should have known the correct entity name for their lawsuit because Plaintiff Fefer was employed by Defendant Swift for fourteen years and has had legal representation since May 23, 2017. *Response* [#58] at 11-12. Although conceding that the "Rule 15(c)(1)(C) requirements appear to be met for relation back," Defendant Swift conclusorily states that "even if the requirements are met, the circumstances of this case demonstrate that the proposed amendments would be unduly prejudicial." *Id.* However, much like the analysis in *Krupski*, Defendant Swift's conclusory statement is unpersuasive because the face of Plaintiffs' pleadings clearly indicate a misunderstanding regarding the correct entity. *See* 560 U.S. at 555 ("[T]hat [the plaintiff] may have known the contents of the ticket does not foreclose the possibility that she nonetheless misunderstood crucial facts regarding the two companies' identities. Especially because the face of the complaint plainly indicated such a misunderstanding, respondent's contention is not persuasive."). In addition, Defendant Swift has not

---

Defendant Swift's expired statute of limitations argument in connection with its relation-back argument, as the two appear to be directly related.

articulated a strategy that it could reasonably have thought Plaintiffs were pursuing in suing the wrong Swift entity. *See id.* ("Moreover, respondent has articulated no strategy that it could reasonably have thought [the plaintiff] was pursuing in suing a defendant that was legally unable to provide relief."). Additionally, Defendant Swift has been on notice of the claims asserted by Plaintiffs since the outset of the case, *see Aff. of Service* [#6], and has identified no specific undue prejudice to its defense of this matter. Accordingly, the Court finds no undue prejudice in allowing Plaintiff's amendments to relate back to the Amended Complaint [#5]. *See, e.g.*, *Benton v. Bd. of County Comm'rs*, No. 06-cv-01406-PSF-MEH, 2007 WL 4105175, at *3 (D. Colo. Nov. 14, 2007) (finding relation back appropriate where the amendments "merely amplif[ied] the facts alleged in [the plaintiff's] original complaint and do not state a claim based on events or transactions wholly separate from those described in the original complaint").

Regarding Defendant Swift's third argument of unfair prejudice—allowing Plaintiffs to maintain unsupported claims—the Court is equally unpersuaded. Defendant Swift argues that Plaintiffs' proposed Amended Complaint [#46-1] still maintains claims that are either not recognized under Colorado law or are otherwise inapplicable to the case at hand.[5] *Response* [#58] at 12-13. While this argument is couched in terms of undue prejudice, Defendant Swift essentially objects to the amendment on grounds of futility. However, the Court believes that Defendant Swift's "futility arguments are better addressed in a Motion to Dismiss." *Godfrey v. United States*, No. 07-cv-02165-MSK-

---

[5] Defendant Swift argues that granting the Motion [#46] would be unduly prejudicial in part because Plaintiffs are making "a thinly-veiled attempt to assert a claim for exemplary damages at the pleading stage." *Response* [#58] at 13. However, this argument is moot, given that Plaintiffs have confirmed that they are not alleging an exemplary damage claim, nor would the proposed amendment in question be asserting anything new. *Reply* [#69] at 9 ("[Paragraph 22] is largely a reiteration of paragraph 54 of Plaintiff's prior complaint, and isn't new.").

MEH, 2008 WL 80302, at *2 (D. Colo. Jan. 7, 2008).  Thus, the Court finds that "the amendment is sufficient under the liberal standards of Rule 15(a) to allow for this amendment."  *Id.*

The Court is also not persuaded by Defendant Swift's contention that allowing "such excessive revisions at this late stage will result in undue prejudice."  *Response* [#58] at 15.  Although Defendant Swift is correct that this would be Plaintiffs' *second* amended complaint, it is worth noting that this timely Motion [#46] is only the first amendment that seeks to address the pleading deficiencies Defendant Swift identified in its Motion to Dismiss [#25].  Moreover, Plaintiffs filed the present Motion [#46] the same day they filed their Response to Defendant Swift's Motion to Dismiss [#45], which was about six weeks after the Motion to Dismiss [#25] was filed.  *Compare Arvada Dev. Group, LLP v. All Envtl., Inc.*, No. 07-cv-01107-MSK-KMT, 2008 WL 4543226, at *2 (D. Colo. Oct. 10, 2008) (finding no prejudice or undue delay where a motion to amend was filed on the same date as the plaintiff's response to the defendant's motion for summary judgment), *with Steinert v. Winn Group, Inc.*, 190 F.R.D. 680, 683 (D. Kan. 2000) (finding prejudice where a motion to dismiss had been filed for more than eight months and the plaintiff sought to add new claims and parties).  As previously stated, Plaintiffs' proposed Second Amended Complaint [#46-1] does not seek to add new claims or parties, nor has Defendant Swift argued that the amendments would alter the focus of the case or require discovery on wholly new issues not previously explored.  *See, e.g.*, *Martinez v. Spa Motel*, No. 15-cv-00358-KLM, 2015 WL 6750269, at *2 (D. Colo. Nov. 5, 2015) (granting a motion to amend where a "[d]efendant ha[d] long been aware of this issue (and thus suffer[ed] no surprise) and ha[d] identified no prejudice to its defense of this matter").

Despite Defendant Swift's assertion to the contrary, this case is still in its early stages, and Defendant Swift has ample time to prepare its defenses. *Cf. Pownell v. CREDO Petroleum Corp.*, No. 09-cv-01540-WYD-KLM, 2011 WL 2565490, at *4 (D. Colo. June 29, 2011) (denying a plaintiff's motion to amend that was filed one week before the Final Pretrial Conference and after the deadline for filing dispositive motions); *Britton v. Car Toys, Inc.*, No. 05-cv-00726-WYD-PAC, 2006 WL 4525699, at *5 (D. Colo. June 16, 2006) (finding that reopening discovery would unduly prejudice the defendants). Plaintiffs' Motion [#46] was timely filed, the deadline for the completion of discovery is still nearly five months away, and the deadline for filing dispositive motions is February 22, 2021. *Minute Order* [#83]. The Court finds that it is "eminently reasonable to allow Plaintiff[s] to timely amend the [Amended] Complaint [#5] so as to 'better describe [their] claim[s].'" *Alpern Myers Stuart LLC v. Hartford Casualty Ins. Co.*, No. 11-cv-00176-CMA-KLM, 2011 U.S. Dist. LEXIS 70608, at *3 (D. Colo. June 30, 2011). "Permitting such amendment will benefit both parties and the Court by clarifying the issues in the case." *Id.*

Accordingly, without any specific indication as to how Defendant Swift would be prejudiced by permitting the amendment or any indication that Plaintiffs' additional allegations would inject a host of new issues or theories requiring additional discovery, the Court finds that Defendant Swift would not be unfairly prejudiced by permitting Plaintiffs to file the proposed Second Amended Complaint [#46-1]. *See Carskadon v. Diva Int'l, Inc.*, No. 12-cv-01886-RM-KMT, 2013 WL 1876784, at *3 (D. Colo. May 3, 2013) ("[T]he mere fact that a defendant's motion to dismiss may be rendered moot if leave to amend is granted ordinarily is not sufficient to establish undue prejudice.").

### III. Conclusion

For the reasons set forth above, and considering that leave to amend should be freely given, the Court permits Plaintiffs leave to file their proposed Second Amended Complaint [#46-1].

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#46] is **GRANTED**. Plaintiffs' Second Amended Complaint [#46-1] is accepted for filing as of the date of this Order. **Plaintiffs shall file a "clean" non-red-lined version of the Second Amended Complaint on the electronic docket no later than August 7, 2020.**

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to the Second Amended Complaint in accordance with the Fed. R. Civ. P. 15(a)(3) after service of the "clean" non-red-lined version of the Second Amended Complaint.

IT IS FURTHER **ORDERED** that Defendant Swift's Motion to Dismiss [#25] is **DENIED as moot**. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded.").

Dated: July 31, 2020

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge